UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALVIN RICHARDSON,

    Petitioner,

v.

ALVIN STEWART,

    Respondent.

Case No. 18-11024
Honorable Laurie J. Michelson

**ORDER DENYING WITHOUT PREJUDICE PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL [3], AND PETITIONER'S MOTION FOR EVIDENTIARY HEARING [4]**

Alvin Richardson has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) He now seeks appointment of counsel and an evidentiary hearing to make a factual record in support of his habeas claims. (ECF No. 3, 4).

A prisoner has no absolute right to counsel in a federal habeas corpus proceeding, *Post v. Bradshaw*, 422 F.3d 419, 425 (6th Cir. 2005), and so the appointment of counsel is committed to this Court's discretion, *see Arms v. State of Tenn.*, 810 F.2d 199 (6th Cir. 1986). A habeas petitioner may obtain representation at any stage of the case "[w]henever the United States magistrate or the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). The Court finds that it is premature to determine whether justice requires appointment of counsel. The Court will reconsider this request on its own motion after it reviews the pleadings and state court record.

The Court will also deny Richardson's motion for an evidentiary hearing without prejudice. This Court is not permitted to expand the state-court record to assess the reasonableness of a state court's adjudication of a claim on the merits. *See Cullen v. Pinholster*, 563 U.S. 170, 181–82

(2011). So the Court will reconsider the request on its own motion if it determines that some or all of Richardson's claims survive review under 28 U.S.C. § 2254(d).

In familiarizing itself with this case, the Court discovered that Richardson may have absconded from parole. *See* MDOC Offender Tracking Information System (OTIS), http://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=254306. But the Court will continue to rely on the contact information provided on the docket and will leave it to the parties to address any impact this may have on the case.

Accordingly, Richardson's motion for appointment of counsel (ECF No. 3) and motion for an evidentiary hearing (ECF No. 4) are DENIED WITHOUT PREJUDICE.

**IT IS SO ORDERED**.

> s/Laurie J. Michelson
> LAURIE J. MICHELSON
> UNITED STATES DISTRICT JUDGE

Date: February 11, 2019

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on February 11, 2019.

> s/William Barkholz
> Case Manager to
> Honorable Laurie J. Michelson